**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARLBORO TOWNSHIP BOARD OF EDUCATION, <br><br> Plaintiff, <br><br> v. <br><br> M.V. AND M.V. O/B/O T.V., <br><br> Defendants. | Civil Action No. 17-6319 (MAS) (LHG) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

Plaintiff Marlboro Township Board of Education ("Plaintiff") moves for default judgment against Defendants M.V. and M.V. o/b/o T.V. ("Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2) following the Clerk's entry of default. (ECF No. 13.) In their opposition, Defendants request that the Court vacate and set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 14.) Plaintiff filed a reply. (ECF No. 15.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for default judgment is denied, and Defendants' motion to vacate the entry of default is granted.

**I.    Background**

This is an action seeking reversal of a decision made by an administrative law judge ("ALJ") during a due process hearing. Plaintiff is a municipal body that operates public schools

in Monmouth County. (Compl. at 2 ¶ 1, ECF No. 1.) Defendants are the parents of "T.V.",[1] a fourteen-year-old student with obsessive compulsive disorder. (*Id.* at 2, ¶ 2, ¶ 1.) On July 12, 2013, T.V. was found eligible for special education and other services under the Individuals with Disabilities Education Act ("IDEA"). (*Id.* ¶ 2.) Defendants filed a due process petition with the Office of Special Education programs challenging T.V.'s educational program. (*Id.* ¶ 4.) On February 5, 2016, Plaintiff in this action answered the petition. (*Id.* ¶ 5.) At a February 1, 2016 reevaluation meeting, Defendants consented to educational and psychiatric evaluations of T.V. and as a result, on March 21, 2016, T.V. was found no longer eligible for special education and other services. (*Id.* ¶ 7.) On or around June 17, 2016, Defendants filed a second due process petition that challenged the ineligibility finding. (*Id.* ¶ 8.)

The two petitions were consolidated in front of Judge Betancourt. (*Id.* ¶¶ 10, 15.) A due process hearing commenced on July 19, 2017 and (as of the date of the Complaint) was scheduled to resume February 20, 2018. (*Id.* ¶ 17.) Plaintiff attempted to offer the expert testimony of Beverly Azarchi; however, the ALJ refused to qualify her as an expert. (*Id.* ¶¶ 18-25.) The ALJ stated that while Ms. Azarchi was "well credentialed" in the areas for which she was offered as an expert, he would only permit her to testify as a professional for the district. (*Id.* ¶ 26.) Plaintiff asserts that "[i]f Ms. Azarchi is not qualified as an expert witness, Judge Betancourt will be impeding Plaintiff's ability to present its case and counter" Defendants' expert reports. (*Id.* ¶ 27.) Plaintiff alleges that the ALJ erred when he barred the introduction of Azarchi as an expert witness and that his decision was arbitrary and capricious. (*Id.* ¶¶ 33-35.) Plaintiff asks the Court to reverse the ALJ's ruling, order that Azarchi is an expert "in

---

[1] The Complaint lists the minor's initials as "T.V."; however the docket lists his or her initials as J.V.

educational testing, special education and programming for students with disabilities for the administrative hearing", and award it attorneys' fees. (*Id.* at 9.)

Plaintiff filed its Complaint on August 22, 2017. (ECF No. 1.) On August 24, 2017, Defendants were served. (ECF No. 3.) On October 2, 2017, Plaintiff requested that the Clerk enter default against Defendants for failing to plead or otherwise defend the action pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 4.) The Clerk entered default on the next day. On October 5, 2017, Plaintiff moved for default judgment. (ECF No. 5.) On October 23, 2017, Defendants opposed and filed an Answer to the Complaint. (ECF Nos. 8, 9.) Plaintiff then filed a reply. (ECF No. 10.) On March 26, 2018, the Court denied without prejudice Plaintiff's motion for default judgment based on its noncompliance with Local Civil Rule 7.1(d)(1), which requires that a movant submit a brief. (Mar. 26, 2018 Order, ECF No. 12.) Plaintiff filed the instant renewed motion on April 13, 2018. (ECF No. 13.) Defendants opposed and requested that the Court vacate the Clerk's entry of default. (ECF No. 14.)

## II. **Legal Standard**

Motions to enter default judgment and vacate default are both governed by Federal Rule of Civil Procedure Rule 55. *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit has stated that "[a]lthough the District Court has discretion to enter a default judgment, in this circuit, we prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable")). When deciding whether to vacate default, the court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a

meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions.").

### III. Analysis

With respect to the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (quoting *Julaj v. Tau Assoc. LLC*, 2013 WL 4731751, at *4 (D.N.J. Sept. 3, 2013)). Plaintiff states that it has been "prevented from defending itself in the underlying action and seeking relief in the normal fashion" and that additional delay in resolution of the underlying administrative matters, filed in 2016, would prejudice Plaintiff. (Pl.'s Moving Br. 13, ECF No. 13-1; Pl.'s Reply Br. 8, ECF No. 15.) In opposition, Defendants argue that Plaintiff will not suffer prejudice as a result of vacating the entry of default because regardless of this Court's ruling, the due process proceedings will continue pursuant to the administrative process and any delay did

4

not affect evidence or party availability. (Defs.' Opp'n Br. 10, ECF No. 14.) The Court finds that on these facts, Plaintiff has not demonstrated that it will suffer prejudice in pursuing the claim if the Clerk's default is vacated.

As to the second factor, "[a] meritorious defense is established if the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *Amboy Care Ctr.*, 2015 WL 4731751, at *2 (quoting *Perry v. Bruns*, No. 11-2840, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013)). In its Answer, Defendants neither admit nor deny allegations about Azarchi's qualifications, experience and whether she is qualified to serve as an expert and deny that the ALJ's ruling was incorrect and arbitrary, capricious and unreasonable. (*See generally* Defs.' Answer, ECF No. 9; Defs.' Opp'n Br. 8-9.) Defendants assert that their Answer reflects their defense that "the case so far developed does not indicate that the witness is qualified as an expert and Defendants were precluded from further exploration of the witness's credentials and experience." (Defs.' Opp'n Br. 9.) The Court notes that Defendants also request the following relief in their Answer: Plaintiff claims that reference to denials in an Answer is insufficient to reflect a meritorious defense because Defendants must provide specific facts. (Pl.'s Reply Br. 7.) In the context of this type of proceeding, which is a relatively uncommon one, and because close cases should be resolved in favor of a decision on the merits, the Court finds that Defendants have set forth a meritorious defense. The Court does not judge the validity of their defense; "it is sufficient that [Defendants'] proffered defense is not 'facially unmeritorious.'" *Id.* (quoting *Gross*, 700 F.2d at 123).

With respect to the final factor, "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Florence Mining Co.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Defendants argue their behavior was not willful or in bad faith,

5

and that the behavior of their counsel was merely dilatory, and therefore, not culpable. (Defs' Opp'n Br. 5-7.) Although Defendants should have remained cognizant of the filing deadlines in this action, and fully expects Defendants to comply with all deadlines going forward, the Court is satisfied that Defendants' actions were not willful or in bad faith. Because all three factors weigh in favor of vacating default, the Court grants Defendants' request to vacate the entry of default. Accordingly, for the reasons set forth above, and for other good cause shown,

**IT IS** on this 29th day of August 2018 **ORDERED** that:

1. Plaintiff's motion for default judgment and request for attorneys' fees (ECF No. 13) are **DENIED**.

2. Defendants' request to vacate and set aside the entry of default is **GRANTED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**